# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAFAYETTE CADE,<br><br>              Plaintiff,<br><br>      v.<br><br>HUBBARD, et. al.,<br><br>              Defendants. | CV F   04 6769 AWI SMS P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. 8-1) |

   Lafayette Cade ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

   On July 19, 2005, Plaintiff filed a pleading titled "Plaintiff's Complaint for Temporary Restraining Order."  In this document, Plaintiff complains that his efforts to petition the government for grievances is being obstructed by Defendants.  Plaintiff submits twelve (12) pages listing a host of other complaints ranging from access to grievances to the administration of psychotropic drugs.  The document was erroneously captioned as a Motion for the Appointment of Counsel.

//

1

1    The purpose of a preliminary injunction is to preserve the status quo if the balance of
2 equities so heavily favors the moving party that justice requires the court to intervene to secure
3 the positions until the merits of the action are ultimately determined. <u>University of Texas v.</u>
4 <u>Camenisch</u>, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who
5 "demonstrates either (1) a combination of probable success and the possibility of irreparable
6 harm, or (2) that serious questions are raised and the balance of hardship tips in its favor."
7 <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987).  Under either
8 approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>.  Also, an
9 injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>.  At a
10 bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or
11 questions serious enough to require litigation." <u>Id</u>.

12    "A federal court may issue an injunction if it has personal jurisdiction over the parties and
13 subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons*
14 *not before the court*." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir.
15 1985) (emphasis added).  Plaintiff is not entitled to preliminary injunctive relief until such time
16 as the Court finds that his Complaint contains cognizable claims for relief against the named
17 Defendants **and** the named Defendants have been served with the summons and complaint.  At
18 this juncture, Plaintiff's Motion for preliminary injunctive relief is premature.  Plaintiff is
19 cautioned that any further motions for preliminary injunctive relief that are filed before
20 Defendants are served with process in this case will be denied as premature.

21    Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for
22 a Temporary Restraining Order, filed July 19, 2005, be DENIED, without prejudice, as
23 premature.
24 //
25 //
26 //
27 //
28 //

2

These Findings and Recommendations are ORDERED submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 26, 2005**                  **/s/ Lawrence J. O'Neill**
b9ed48                                UNITED STATES MAGISTRATE JUDGE