1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

LAFAYETTE CADE,

          Plaintiff,

   v.

HUBBARD, et. al.,

          Defendants.

_____/

CV F   04 6769 AWI SMS P

FINDINGS AND RECOMMENDATIONS
REGARDING MOTION FOR ORDER TO
SHOW CAUSE AND TEMPORARY
RESTRAINING ORDER (Doc.  10)

Lafayette Cade ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 25, 2005, Plaintiff filed a pleading titled "Plaintiff's Notice of Motion for Order to Show Cause / Temporary Restraining Order."  In this document, Plaintiff requests an Order to Show Cause be issued and that the Court also issue a Temporary Restraining Order precluding Defendants from employing "adverse substances and other things to debilitate Plaintiff's physical and mental being."

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id.  Also, an

1

1  injunction should not issue if the plaintiff "shows no chance of success on the merits." Id.  At a

2  bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or

3  questions serious enough to require litigation." Id.

4      "A federal court may issue an injunction if it has personal jurisdiction over the parties and

5  subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons*

6  *not before the court.*" Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.

7  1985) (emphasis added).  Plaintiff is not entitled to preliminary injunctive relief until such time

8  as the Court finds that his Complaint contains cognizable claims for relief against the named

9  Defendants **and** the named Defendants have been served with the summons and complaint.  At

10  this juncture, Plaintiff's Motion for preliminary injunctive relief is premature.  Plaintiff is

11  cautioned that any further motions for preliminary injunctive relief that are filed before

12  Defendants are served with process in this case will be denied as premature.

13      Based on the foregoing, the court HEREBY RECOMMENDS that Plaintiff's Motion for

14  a Temporary Restraining Order, filed July 19, 2005, be DENIED, without prejudice, as

15  premature.

16      These Findings and Recommendations are ORDERED submitted to the United States

17  District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

18  Within twenty (20) days after being served with these Findings and Recommendations, plaintiff

19  may file written objections with the court.  The document should be captioned "Objections to

20  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

21  objections within the specified time may waive the right to appeal the District Court's order.

22  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

    IT IS SO ORDERED.

24

**Dated:   July 27, 2005**            **/s/ Lawrence J. O'Neill**

25  b9ed48                    UNITED STATES MAGISTRATE JUDGE

26

27

28