# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LAFAYETTE CADE,

                Plaintiff,

    v.

YATES, et. al,

                Defendants.

_____/

CV F   04-6769 OWW LJO P

ORDER DISMISSING COMPLAINT WITH
LEAVE TO AMEND (Doc. 1.)

   Lafayette Cade ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

## A.  SCREENING REQUIREMENT

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief.  See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), *citing* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff, an inmate currently housed at Pleasant Valley State Prison ("PVSP"), filed suit naming James Yates, J. Woodward, R. Brown, D. Reeves, Mendenhall, A. Malfi, R. Trimble, J. Mattingly, E. Beels, P. Ortiz, M. C. Davis, R. Shannon, D. Sylvester, L. Fugate, D.B. Petrick, M. Brommel, D. Fischer, C. Kuntz, and Does 1-20, as Defendants.  Plaintiff alleges a variety of claims stemming from the conditions of confinement.  For the reasons set forth below, the Court finds Plaintiff's allegations insufficient to give rise to any claims for relief under Section 1983 against any of the named Defendants.

C. DISCUSSION

The Civil Rights Act under which this action was filed provides:

> The Civil Rights Act under which this action was filed provides: Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.  Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th

1  Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named

2  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

3  federal rights.

4      Plaintiff has not alleged any facts linking any of the named Defendants to an act or

5  omission giving rise to a constitutional violation. Plaintiff's allegations are purely conclusory.

6  For example, Plaintiff alleges that Defendants have "obstruct[ed] and hinder[ed] plaintiff,

7  defendant's acted under color of state law with deliberate disregard for plaintiff's constitutional

8  rights and deprived him of life, liberty and property without due process of law, conducted

9  unlawful segregation and disciplinary practices . . . ." (Complaint, unmarked page 5.) Plaintiff

10  also alleges that "with racist, criminal or political motivation and or other class-based invidious

11  discriminatory animus, and in furtherance of a previously commenced conspiracy between local

12  and state government officials and California Department of Corrections Staff . . . from several

13  state prison facilities, unlawfully organized defendants . . . ." (Complaint at 2.) Plaintiff alleges

14  that Defendants placed "substances" in his morning breakfast causing him to fall asleep and

15  interfered with his mental processing. (Complaint, unmarked page 6.) Plaintiff also contends

16  that the Defendants have interfered with his right to petition the government by limiting his law

17  library access and legal copies such that his habeas corpus case was dismissed. Id.

18      Despite the above and in accordance with the law, the Court will provide Plaintiff with

19  the opportunity to amend his Complaint to cure the deficiencies outlined by the Court.

20      Plaintiff is advised that while inmates have a fundamental constitutional right of access to

21  the courts, Lewis v. Casey, 518 U.S. 343, 346 (1996), the right of access is merely the right to

22  bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals,

23  habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the

24  inmate to discover grievances or to litigate effectively once in court. Id.

25      Inmates do not have the right to a law library or legal assistance. Id. at 351. Law libraries

26  and legal assistance programs are only the means of ensuring access to the courts. Id. Because

27  inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate

28  cannot establish relevant actual injury by establishing that his prison's law library or legal

1    assistance program is subpar in some theoretical sense." Id.  Rather, an inmate claiming

2    interference with or denial of access to the courts must show that he suffered an actual injury.  Id.

3         In addition, the Court notes that Plaintiff names numerous individuals that may be

4    supervisors.  Supervisory personnel are generally not liable under Section 1983 for the actions of

5    their employees under a theory of respondeat superior and, therefore, when a named defendant

6    holds a supervisorial position, the causal link between him and the claimed constitutional

7    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

8    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To

9    state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff

10   must allege some facts that would support a claim that supervisory Defendants either: personally

11   participated in the alleged deprivation of constitutional rights; knew of the violations and failed

12   to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

13   'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

14   violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*);

15   Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

16        Plaintiff has not alleged any facts indicating that Defendants personally participated in the

17   alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent

18   them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation

19   of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.

20   Black at 646.

21        Finally, with respect to the conspiracy reference, such a complaint must "allege [some]

22   facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los

23   Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department,

24   839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted

25   jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v.

26   State of California, 497 F.2d 197, 200 (9th Cir. 1974).

27        Plaintiff has not alleged any facts supporting the existence of a conspiracy between

28   defendants.  Further, Plaintiff has not alleged facts demonstrating that Defendants violated his

4

1    constitutional rights.  In order to state a cognizable claim for relief for conspiracy, Plaintiff must

2    establish that defendants conspired to violate an underlying constitutional right.

3    **D. CONCLUSION**

4         The Court finds that Plaintiff's complaint does not contain any claims upon which relief

5    can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

6    time to file a first Amended Complaint curing the deficiencies identified above should he wish to

7    do so.

8         Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

9    resulted in a deprivation of his constitutional rights.  See, Ellis v.  Cassidy, 625 F.2d 227 (9th Cir.

10   1980).  The Amended Complaint must specifically state how each Defendant is involved.

11   Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

12   connection between a defendant's actions and the claimed deprivation.  Rizzo v.  Goode, 423,

13   U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v.  Duffy, 588

14   F.2d 740, 743 (9th Cir.  1978).

15        Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

16   be complete in itself without reference to any prior pleading.  As a general rule, an Amended

17   Complaint supersedes the original complaint.  See Loux v.  Rhay, 375 F.2d 55, 57 (9th Cir.

18   1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

19   function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

20   claim and the involvement of each defendant must be sufficiently alleged.  The Amended

21   Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

22   appropriate case number, and be an original signed under penalty of perjury.

23   **E.  ORDER**

24        The Court HEREBY ORDERS:

25        1.    The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

26              complaint form;

27        2.    The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

28              from the date of service of this order, Plaintiff SHALL:

1        a.    File an Amended Complaint curing the deficiencies identified by the Court

2           in this Order, or

3        b.    Notify the Court in writing that he does not wish to file an Amended

4           Complaint and pursue the action but instead wishes to voluntary dismiss

5           the case.

6    Plaintiff is forewarned that his failure to comply with this Order may result in a

7 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

8 IT IS SO ORDERED.

9 **Dated:**   **April 11, 2006**         **/s/ Lawrence J. O'Neill**
  b6edp0                UNITED STATES MAGISTRATE JUDGE